UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
SHAUN DELEON,

                                                   **COMPLAINT**

                     Plaintiff,
                        **11 CV 0630**

      -against-

                        **JURY      TRIAL DEMANDED**

                        **ECF CASE**

THE CITY OF NEW YORK, P.O. ARIEL ORTIZ, Shield
No. 4619, Individually and in his Official Capacity, DET.
JOSEPH DECANDIA, Shield No. 1663, Individually and
in his Official Capacity, P.O. CAMERON FOSTER, Shield
No. 16887, Individually and in his Official Capacity,
P.O. JOHN RAMOS, Shield No. 6680, Individually and in
his Official Capacity, and P.O.s "JOHN DOE" #1-10,
Individually and in their Official Capacities, (the name John
Doe being fictitious, as the true names are presently unknown),

                       Defendants.
-------------------------------------------------------------------------------X

      Plaintiff, SHAUN DELEON, by his attorneys, Cohen & Fitch LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff SHAUN DELEON is a Hispanic male and has been at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. ARIEL ORTIZ, DET. JOSEPH DECANDIA,  P.O. CAMERON FOSTER, P.O. JOHN RAMOS and the defendant P.O.s "JOHN DOE" #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, City of New York.

## FACTS

### THE MARCH 26, 2010 INCIDENT

13. On or about March 26, 2010 at approximately 8:00 p.m. plaintiff SHAUN DELEON was lawfully present in the vicinity of Townsend Avenue and 172nd Street, Bronx County, in the City and State of New York.

14. At the aforementioned time and place an unmarked police car screeched to a halt and several officers streamed out, immediately placing plaintiff SHAUN DELEON under arrest and handcuffing his arms tightly behind his back.

15. Defendant officers searched plaintiff SHAUN DELEON, uncovering no evidence of unlawful activity.

16. Nonetheless, defendants charged plaintiff with Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Seventh Degree, and Unlawful Possession of Marijuana.

17. At no time on March 26, 2010 did plaintiff SHAUN DELEON possess, sell, or come into contact with any amount of a controlled substance or marijuana.

18. At no time on March 26, 2010 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff SHAUN DELEON.

19. Thereafter, plaintiff was transferred to the 44th Precinct where he remained

incarcerated for approximately thirty (30) hours before he was released when the Bronx County District Attorney's Office declined to prosecute him.

20. While in police custody plaintiff SHAUN DELEON was subjected to an invasive strip search which uncovered no evidence of criminal wrongdoing or unlawful activity.

21. At no time on March 26, 2010 did defendants possess the particularized suspicion necessary to justify an invasive strip search.

22. As a result of the foregoing plaintiff SHAUN DELEON sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

## THE NOVEMBER 20, 2010 INCIDENT

23. On or about November 20, 2010, at approximately 9:00 p.m., plaintiff SHAUN DELEON was lawfully present at or about the corner of Jerome Ave. and 172nd St., Bronx County, in the City and State of New York.

24. At the aforementioned time and place an unmarked police car screeched to a halt and several officers streamed out immediately placing plaintiff SHAUN DELEON under arrest, handcuffing his arms tightly behind his back.

25. Defendant officers searched plaintiff SHAUN DELEON, uncovering no evidence of unlawful activity.

26. Nonetheless, defendants charged plaintiff with Criminal Sale of a Controlled Substance in the Fourth Degree and Criminal Possession of a Controlled Substance in the Seventh Degree.

27. At no time on November 20, 2010 did plaintiff SHAUN DELEON possess, sell, or come into contact with any amount of a controlled substance.

28. At no time on November 20, 2010 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff SHAUN DELEON.

29. Thereafter, plaintiff was transferred to the 44th Precinct where he remained incarcerated for approximately thirty (30) hours before he was released when the Bronx County District Attorney's Office declined to prosecute him.

30. While in police custody plaintiff SHAUN DELEON was subjected to an invasive strip search which uncovered no evidence of criminal wrongdoing or unlawful activity.

31. At no time on November 20, 2010 did defendants possess the particularized suspicion necessary to justify an invasive strip search.

32. As a result of the foregoing plaintiff SHAUN DELEON sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF ARISING FROM THE MARCH 26, 2010 ARREST FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

35. All of the aforementioned acts deprived plaintiff SHAUN DELEON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority

attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

39. As a result of the foregoing, plaintiff SHAUN DELEON sustained, *inter alia*, loss of liberty, physical injury, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

**SECOND CLAIM FOR RELIEF ARISING FROM THE MARCH 26, 2010 ARREST FOR FALSE ARREST UNDER 42 U.S.C. § 1983**

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. As a result of defendants' aforementioned conduct, plaintiff SHAUN DELEON was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

42. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

43. As a result of the aforementioned conduct of defendants, plaintiff sustained emotional injuries and a loss of liberty.

**THIRD CLAIM FOR RELIEF ARISING FROM THE MARCH 26, 2010 ARREST FOR**
**UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983**

44.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.    As a result of the forgoing plaintiff SHAUN DELEON was subjected to an unreasonable and intrusive strip search that shocks the conscience in violation of his due process rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

46.    As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without a valid warrant, probable cause, privilege, or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

**FOURTH CLAIM FOR RELIEF ARISING FROM THE MARCH 26, 2010 ARREST FOR**
**MUNICIPAL LIABILITY**

47.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" as if the same were more fully set forth at length herein.

48.    Defendants arrested and incarcerated plaintiff SHAUN DELEON in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

49.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

50.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

51. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    A. fabricating evidence against innocent persons erroneously arrested during buy-and- bust operations;

    B. arresting innocent persons wrongfully apprehended during buy-and-bust operations;

    C. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

52. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Julio Diaz v. City of New York,** United States District Court, Southern District of New York, 08 CV 6399;

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York, et al,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Horace Taylor v. City of New York**, United States District Court, Southern District of New York, 03 CV 6477;

- **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

- **Alvin Williams v. City of New York**, United States District Court, Southern District of New York, 05 CV 4013;

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff SHAUN DELEON.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by SHAUN DELEON as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff SHAUN DELEON as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff SHAUN DELEON was incarcerated unlawfully for approximately thirty (30) hours before the Bronx County District Attorney's Office declined to prosecute him.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff SHAUN DELEON.

58. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff SHAUN DELEON's constitutional rights.

59. All of the foregoing acts by defendants deprived plaintiff SHAUN DELEON of

federally protected rights, including, but not limited to, the right:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from seizure and arrest not based upon probable cause;

      C.      To be free from unwarranted and malicious criminal prosecution;

      D.      Not to have cruel and unusual punishment imposed upon him; and

      E.      To receive equal protection under the law.

**FIFTH CLAIM FOR RELIEF ARISING FROM THE NOVEMBER 20, 2010 ARREST FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

62.     All of the aforementioned acts deprived plaintiff SHAUN DELEON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

63.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

64.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

65.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

66. As a result of the foregoing, plaintiff SHAUN DELEON sustained, *inter alia*, loss of liberty, emotional distress, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of his constitutional rights.

### SIXTH CLAIM FOR RELIEF ARISING FROM THE NOVEMBER 20, 2010 ARREST FOR FALSE ARREST UNDER 42 U.S.C. § 1983

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. As a result of defendants' aforementioned conduct, plaintiff SHAUN DELEON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

69. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

70. As a result of the aforementioned conduct of defendants, plaintiff sustained an unconstitutional loss of liberty and emotional injuries.

### SEVENTH CLAIM FOR RELIEF ARISING FROM THE NOVEMBER 20, 2010 ARREST FOR UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. As a result of the forgoing plaintiff SHAUN DELEON was subjected to an unreasonable and intrusive strip search that shocks the conscience in violation of his due process

rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

73.     As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without consent, a valid warrant, probable cause, privilege or consent, in violation of her constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

**EIGHTH CLAIM FOR RELIEF ARISING FROM THE NOVEMBER 20, 2010 ARREST FOR MUNICIPAL LIABILITY**

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

76.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

  i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

  ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

78.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

79. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

80. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

81. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff SHAUN DELEON's constitutional rights.

82. The acts complained of deprived plaintiff of his rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unlawful search;

   D. Not to have summary punishment imposed upon him; and

   E. To receive equal protection under the law.

83. As a result of the foregoing, plaintiff SHAUN DELEON is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff SHAUN DELEON demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
January 21, 2011                                        BY:_____/S_____
                                                            Gerald Cohen (GC-0414)
                                                            Cohen & Fitch, LLP
                                                            Attorney for Plaintiff
                                                            225 Broadway, Suite 2700
                                                            New York, N.Y. 10007
                                                            (212) 374-9115